**IN THE COURT OF APPEALS OF IOWA**

No. 23-2007
Filed October 16, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JANET ELLEN CARVER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Stephen A. Owen,

Judge.


        Janet Carver appeals her sentences following her guilty pleas to identity

theft and second-degree theft.  **AFFIRMED IN PART, VACATED IN PART, AND**

**REMANDED.**


        Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney

General, for appellee.


        Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

Janet Carver appeals her sentences following guilty pleas to identity theft and second-degree theft. She contends the district court failed to provide sufficient reasons for imposing consecutive sentences and improperly ordered pecuniary damages[1] for dismissed charges.

## I.     Background Facts & Proceedings

Several vehicle break-ins occurred in Ames in October 2022. Five victims reported economic loss. The stolen personal belongings included a bank card and driver's license belonging to D.M. The bank accounts connected to D.M.'s stolen card showed no fraudulent activity for months.

But on March 17, 2023, using D.M.'s stolen bank card and license, Carver cashed two checks written to D.M. at a credit union in Ames, totaling $4200. That same day, a check for $1900 was cashed in West Des Moines using D.M.'s driver's license.

Carver was charged on five criminal counts: two counts of identity theft, one count for the checks cashed in Ames and one count for the check cashed in West Des Moines; two counts of forgery, one for each of the two checks cashed in Ames; and one count of theft in the second degree, also concerning the two checks

---

[1] In 2020, the General Assembly substantially amended Iowa Code chapter 910 concerning restitution. *See* 2020 Iowa Acts ch. 1074, §§ 65–83. As part of that overhaul, the legislature adopted clarifying definitions for different categories of restitution. What courts and litigants historically referred to as "victim restitution" is known as "pecuniary damages." "'Pecuniary damages' means all damages to the extent not paid by an insurer on an insurance claim by the victim, which a victim could recover against the offender in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium." Iowa Code § 910.1(6) (2023).

cashed in Ames. Carver's charges were also subject to a habitual offender enhancement for two previous Ohio felonies.

Carver pled guilty to one count of identity theft, a class "D" felony under Iowa Code section 715.A8 and to theft in the second degree, a class "D" felony under section 714.2(2). Carver's guilty plea only admitted to the charges related to the cashed checks in Ames, Counts I and V of the trial information. The remaining charges, Counts II–IV, and the habitual offender enhancement were dismissed.

The district court sentenced Carver to two consecutive five-year prison terms. And over Carver's objection at the sentencing hearing, the district court ordered Carver to pay $9980.26 in pecuniary damages—the amount requested in a statement of pecuniary damages filed by the State. Carver objected to the statement of pecuniary damages because the total included damages from crimes that Carver was not charged with and charges that were not included in her guilty plea. Carver now appeals.

## II.    Standard of Review

We review sentencing challenges for an abuse of discretion. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). We review challenges to restitution orders, including calculation of pecuniary damages, for legal error. *See State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001). "When reviewing the restitution order, we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *Id.*

### III. Analysis

#### A. Consecutive Sentences

Carver argues the district court did not adequately justify its imposition of consecutive sentences. We are asked to review whether the district court sufficiently stated the reasons for ordering consecutive sentences.

In criminal sentencing, a district court is required to "state on the record its reason for selecting the particular sentence." *State v. Luke*, 4 N.W.3d 450, 456 (Iowa 2024) (quoting Iowa R. Crim P. 2.23(3)(d)). The statement should tie appropriate sentencing factors to the facts and circumstances before the court. *Id.* at 458. This requirement extends to a district court's decision to impose consecutive sentences. *Id.*; *see also* Iowa R. Crim P. 2.23(2)(g). While the requirement serves the defendant by connecting the consequences to the crimes, it "[m]ost importantly . . . affords our appellate courts the opportunity to review the discretion of the sentencing court." *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014).

When a trial court articulates its reasons for the sentences imposed, it can rely on those same reasons for ordering that the sentences be served consecutively. *Luke*, 4 N.W.3d at 458. But there must be some evidence in the record that the district court relied on the same reasoning, otherwise a reviewing court may not make that inference. *See Hill*, 878 N.W.2d at 275.

In *Luke*, our supreme court found such evidence existed when, after the district court gave an on-the-record explanation of its reasons for sending the defendant to prison, the district court wrote in the sentencing order, "for the reasons set forth above and/or stated on the record, the sentence shall be served

CONSECUTIVELY." 4 N.W.3d at 458. Although Iowa law encourages sentencing courts to thoroughly document their reasons for sentencing, the *Luke* court concluded, "[b]ecause sentences are 'cloaked with a presumption in their favor,'" the record sufficiently established "that whatever reasons were stated on the record [were] deemed the reasons for consecutive sentences." *Id.* (cleaned up) (quoting *State v. McCalley*, 972 N.W.2d 672, 676 (Iowa 2022)).

We begin by noting that Carver does not dispute the imposition of prison sentences for the two counts to which she pled guilty. Nor does Carver claim the district court failed to adequately state its reasons for ordering incarceration. The district court explained its reasons for ordering incarceration as follows:

> Ms. Carver is fifty-three years of age. As the parties recognize, she has an extensive criminal history that contain[s] convictions of a similar nature and representations of other efforts to rehabilitate her in the community. The [presentence investigation report] also contains similar information. She has been unsuccessful in pretrial release and probation[] in the past. These offenses have resulted in significant loss to a number of victims outlined in the statement of pecuniary damages.
>
> The purpose of a sentencing hearing, of course, is to provide rehabilitation to the offender and to provide protection for the community.
>
> The Court recognizes that Ms. Carver may have difficulties with substances and the [presentence investigation report] also noted, perhaps, a gambling problem. However, as she notes today, she did get involved with individuals whom she knew to be engaged in the activity for which she stands before the Court today for sentencing.
>
> The Court appreciates that Ms. Carver is contrite and offers her apologies to those who have been harmed by her criminal activity.
>
> Judgment of conviction is hereby entered on Count I, Identity Theft, in violation of Iowa Code Section 715A.8 and Count V, Theft in the Second Degree, in violation of Iowa Code Sections 714.1(1), 714.1(4), and 714.2(2). On those judgments of convictions, sentencing will now enter.
>
> As to each count, Ms. Carver is sentenced to an indeterminate term not to exceed five years in the state penitentiary. She is ordered

to pay a fine in each matter of $1,025 and a fifteen percent surcharge. She's order[ed] to pay restitution in full as set forth in the statement of pecuniary damages filed by the State on October 25. Restitution is due immediately. The fines and surcharges are suspended. Ms. Carver has significant victim restitution to pay. Her efforts, although minimal, should be directed toward immediate restitution to the victims of her offenses. Mittimus on these prison sentences shall issue immediately.

Ms. Carver is ordered to provide DNA sample for purposes of DNA profiling. Category B cost and fees are waived.

After imposition of the prison sentences, the court added:

As noted, Ms. Carver has a significant criminal history. She came a long way to this community in order to commit these crimes. She's caused significant damage in terms of the financial losses, and quite frankly, in terms of the trust that the victims have in the community. Those victims have a right to their privacy, to their property, and to believe that their community is a safe one.

Ms. Carver has been offered many, many chances over her lifetime to engage in appropriate rehabilitative services. Although prison may not seem like rehabilitation, it is on the continuum of rehabilitative services and this community and others are entitled to protection from Ms. Carver's ongoing criminal activity. These sentences, therefore, shall be served in a consecutive manner.

Carver contends the use of "therefore" does not sufficiently connect the district court's stated reasons for imposing prison sentences with its order that the sentences be served consecutively. So she claims the record lacks any reason for requiring consecutive sentences.

We reject Carver's argument and determine the record sets forth the reasons the court imposed consecutive sentences. *Black's Law Dictionary* defines "therefore" to mean "[f]or that reason; on that ground or on those grounds" or "to that end." *Therefore*, *Black's Law Dictionary* (11th ed. 2019). Such definition is consistent with the word's common, ordinary meaning.

As in *Luke*, where the district court stated, "for the reasons set forth above and/or stated on the record, the sentence shall be served CONSECUTIVELY,"

4 N.W.3d at 458, the district court's use of the term "therefore" sufficiently establishes that the reasons set forth for the prison sentences were also deemed the reasons for the consecutive terms. Indeed, were we to substitute the *Black's Law Dictionary* definition into the district court's statement, the meaning is indistinguishable from that in *Luke*.

And here the court provided additional rationale for consecutive sentences after the court imposed the prison terms. The reasons the court imposed prison sentences included Carver's extensive criminal history, lack of success in past probation, the loss to the victims, and the need for community protection. The reasons the court imposed consecutive sentences were criminal history, financial loss to the victims, and community trust. While the reasons for the imposition of incarceration and consecutive sentences are similar, consideration of similar factors is permissible. *See Hill*, 878 N.W.2d at 275. We determine no abuse of discretion in that the sentencing court adequately stated the reasons for imposition of consecutive sentences in a manner that permitted appellate review.

### B. Pecuniary Damages

Carver also disputes the total amount of pecuniary damages she was ordered to pay. The State concedes there was no proven causal connection between some of the pecuniary damages submitted by the State and Carver's convictions. Yet the sentencing order included the pecuniary damages claimed by the victims of the vehicle break-ins and also included pecuniary damages for the check cashed in West Des Moines.[2]

---

[2] In her appellate briefing, Carver suggests the correct amount of pecuniary damages is $6132 ($6100 plus $32 to replace the victim's license). But Counts I

A restitution order providing for payment of pecuniary damages is improper when it includes "damages not causally related to the crime" that has been established. *Bonstetter*, 637 N.W.2d at 165; *see also State v. Shears*, 920 N.W.2d 527, 534 (Iowa 2018). The standard of causation for pecuniary damages is generally the same as in tort law. *Shears*, 920 N.W.2d at 539. The State bears the burden of proof and must establish the causal relationship by a preponderance of the evidence. *Id.* at 532.

The restitution order is improper to the extent that the order includes pecuniary damages not caused by the charges to which Carver entered pleas of guilty. The portion of the sentencing order requiring payment of pecuniary damages is vacated and remanded for an order omitting damages not causally connected to Carver's guilty plea and subsequent convictions.

## IV. Conclusion

We affirm the imposition of consecutive sentences, finding no abuse of discretion by the district court. We vacate the pecuniary damages portion of Carver's sentence and remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

and V contained in the written plea of guilty concern only the two checks cashed at the credit union in Ames, which total $4290. The statement of pecuniary damages filed by the State indicates the restitution due to the credit union in Ames is $6100.00.